UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:15-cr-0195-SEB-TAB |
| | ) | |
| AMBER MORGAN, | ) | - 02 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On December 4, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 27, 2018.  Defendant Morgan appeared in person with her appointed counsel Dominic Martin.  The government appeared by Brad Shepard, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Morgan of her rights and provided her with a copy of the petitions.  Defendant Morgan waived her right to a preliminary hearing in open court.

2. After being placed under oath, Defendant Morgan admitted violations 2, 3, 4, and 5.  [Docket No. 136.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall not use or possess any controlled substance unless authorized to do so by a valid prescription."** |

On November 5, 2018, Ms. Morgan submitted a urinalysis that yielded positive for amphetamines. When confronted, she denied using illegal drugs but admitted packaging methamphetamine for her mother. On November 13, 2018, the offender submitted a urinalysis that yielded positive for amphetamines. She admitted after the submission of the specimen to using methamphetamine on several occasions prior to providing the urine sample. During a search of her residence on November 20, 2018, officers located a pipe with methamphetamine residue, a small amount of methamphetamine and scales for weighing illegal narcotics. The offender admitted the pipe and methamphetamine were hers.

| | |
|---|---|
| 3 | **"You shall not attempt to obstruct or tamper with substance abuse testing methods."** |

On September 11, 2018, the offender submitted a diluted urine sample. She denied purposely diluting the sample and provided a negative specimen on September 14, 2018. She was given a verbal reprimand for the diluted urine specimen. On November 20, 2018, during a search at the offender's residence, officers located text messages on her phone sent to multiple people trying to purchase or locate "clean" urine, in order to elude her urine testing procedures. Furthermore, officers also located an Advil bottle with urine inside it and Ms. Morgan admitted the urine was obtained from someone in an attempt to elude drug testing procedures.

| | |
|---|---|
| 4 | **"You shall not alcohol."** |

During a search of the offender's residence on November 20, 2018, officers located Jello shots in which the offender admitted contained alcohol, as well as a small bottle of hard liquor. She advised the alcohol was left at her residence by a friend.

| | |
|---|---|
| 5 | **"You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity."** |

Prior to conducting a search at the offender's residence on November 20, 2018, this officer received information that Ms. Morgan and a male friend who had been staying at her residence, were dealing illegal narcotics. During a search on November 20, 2018, the offender admitted the friend

      had been staying at her residence and used illegal narcotics at her home. Furthermore, he was found to have prior convictions for burglary. During that same search, officers located a letter written to her co-defendant on the instant offense detailing the price of methamphetamine in the Indianapolis area and other violations of supervision. A review of text messages reveal facilitations of the purchase of methamphetamine and urine to elude drug testing procedures. The offender admitted purchasing and meeting with people to purchase methamphetamine.

4. The government moved to dismiss violation 1 without prejudice and the same granted.

5. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

6. The parties jointly recommended a sentence of six (3) months with twelve (12) months of supervised release to follow. Supervised release is to include residing at a residential reentry center for a period of six (6) months and is to continue paying restitution towards the fines and restitution ordered on October 13, 2016.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months with twelve months (12) months of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

13. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

14. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

15. You shall not engage in an occupation, business, profession or volunteer activity that would require or enable you to access others' personal information during the term of supervision without prior approval of the probation officer.

Justification: The offender's criminal history mostly consists of financial offenses. These conditions will assist the officer in verifying legitimate income, ensuring maximum repayment of restitution, and provided some measure of financial protection for the public.

16. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

17. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

18. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

19. You shall not possess alcohol.

    Justification: The offender has a history of poly-substance abuse, with her drug of choice being methamphetamine. These conditions will ensure she is addressing substance dependency, assist her in developing positive coping skills, identifying relapse triggers and will aid in monitoring her sobriety.

20. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating

physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

Justification: The offender's has a significant history of mental illness and medication management. Ensuring she is compliant with ongoing treatment and medication will assist in her sobriety, stability and provide safety to the officer and the community.

21. You shall reside in a residential reentry center for a term of up to six months. You shall abide by the rules and regulations of the facility.

    Justification: Given the offender's lengthy history of mental illness, medication management and substance abuse, a structured environment would promote the development of a stable routine and provide additional oversight for a period of time.

22. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

    Justification: Given the offender's history of lengthy history substance abuse, criminal background, and history of criminal associates, this condition will assist in keeping the offender honest and provide a measure of officer safety and community protection.

In addition to the above conditions of supervised release, defendant is to continue to pay any fines and/or restitution imposed per the Judgment dated October 20, 2016 and the Amended Judgment dated November 21, 2016.  [Dkts. 128 and 131].   Defendant reviewed the foregoing conditions and they were reviewed by Defendant with her attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

   Defendant Morgan is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 12/07/2018

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal